IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Grimes, | ) | C/A No. 0:12-1244-TMC-PJG |
| Plaintiff, | ) | |
| v. | ) | |
| William R. Byars, Jr., *SCDC Director*; Mary Simpson, *Director ICS Program*; Kevin Moore, *Assistant Director ICS Program*; Patricia Jones, *ICS Counselor Individually*, | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

The plaintiff, William Grimes ("Grimes"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Grimes's motions which essentially seek injunctive relief. (ECF Nos. 26 & 27.) Having carefully reviewed the motion and the pleadings in this case, the court finds that the plaintiff's motions should be denied.

**DISCUSSION**

Grimes filed the instant action against the director of the South Carolina Department of Corrections ("SCDC") as well as SCDC employees at Kirkland Correctional Institution, whom Grimes designates as being part of the Intermediate Case Services ("ICS") Unit. In his motions, Grimes alleges that Defendants Moore and Jones retaliated against him by keeping him in a locked room and not allowing him access to the law library, the cafeteria, the telephone, or recreation. Grimes also contends that Defendants Moore and Jones tampered with his food and drink in an attempt to kill him. He also alleges that these defendants "kidnapped" him and "held [him] hostage,"

PJG

preventing Grimes from sending out legal mail so that his federal lawsuit would get dismissed. (See, e.g., ECF No. 27 at 1.) Grimes requests that "a restraining order [] be issued" against Defendants Moore and Jones. (ECF No. 26 at 2.) Because the relief Grimes appears to seek is injunctive in nature, the court will treat this motion as seeking a preliminary injunction.[1]

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Furthermore, there is no constitutional right for a prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); McKune v. Lile, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public

---

[1] Because the defendants have had notice of Grimes's motion, the court is treating the motion as one under Rule 65(a) of the Federal Rules of Civil Procedure rather than Rule 65(b).



interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009) (vacated on other grounds by 130 S. Ct. 2371 (2010) and reissued in part by 607 F.3d 355 (4th Cir. 2010)), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

In support of their responses in opposition to Grimes's motions, the defendants have provided the affidavit of Kevin Moore, a Human Services Coordinator at the Kirkland Reception and Evaluation Center ("Kirkland R&E"). (ECF No. 30-1.) Moore states that, on or around July 25, 2012, Grimes was committed to the Gilliam Psychiatric Hospital at Kirkland R&E based on Grimes's "increased agitation and escalation of disruptive behavior." (Moore Aff. ¶ 2, ECF No. 30-1 at 1.) Moore avers that Grimes, while housed in the psychiatric hospital, would have been provided

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.

PJG

his meals within his room. (Id. ¶ 3, ECF No. 30-1 at 1.) Additionally, Moore avers that, while Grimes would not have had access to the law library, Grimes would have had access to any of his own legal materials and would have been able to request books or other legal resources from the law library. (Id.) Moore further states that Grimes was released from the psychiatric hospital on August 15, 2012, but due to an incident several days later in the cafeteria involving Grimes, as well as Grimes's behavioral problems and unsubstantiated claims that he was being abused by staff, Grimes was placed on cell restriction. (Id. at ¶ 4, ECF No. 30-1 at 2.) Moore avers that, while on cell restriction, Grimes's meals are provided in his cell, and that Grimes has not been deprived of any of his meals or other necessities—including recreation time—pursuant to SCDC policy. (Id. at ¶ 5, ECF No. 30-1 at 2.) Moore also attests that, although Grimes is not permitted to go to the law library while on cell restriction, he is permitted access to his own legal materials and is able to request law books from the law library. (Id. at ¶ 6, ECF No. 30-1 at 2.) Finally, Moore avers that Grimes was not committed to the psychiatric hospital or placed on cell restriction in retaliation for filing the instant civil action, but rather due to Grimes's behavior. (Id. at ¶ 7, ECF No. 30-1 at 2.)

Based on the record currently before the court, Grimes has not satisfied the required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).

*PJG*

**RECOMMENDATION**

Accordingly, the court recommends that the plaintiff's motions (ECF Nos. 26 & 27) be denied.

October 18, 2012  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).